hDECUIR, J.,
dissenting.
I respectfully dissent. The majority makes much of Thibodeaux’s exemplary record in meeting his child support obligation. While Thibodeaux was paying regularly on his obligation, the fact remained that an arrearage was owed. Under the circumstances, I believe that the legislature and courts of this state have placed a higher priority on children receiving support than on parents receiving income tax refunds.
The majority correctly proclaims that no one disputes the supreme court’s assertions in Fink v. Bryant, 01-0987, p. 4-6 (La.11/28/01), 801 So.2d 346, regarding the importance of the child support obligation as a matter of public policy and legislative priority. However, the balance of the opinion clings to the alleged thread of noncompliance with a court order as the basis for enforcement actions. Surely, the backbone of all enforcement provisions is the paramount importance of the child support obligation. When there is a delinquency that obligation is not being met. Where the obligor has means, it is immaterial whether the delinquency was created by noncompliance with or retroactivity of the judgment.
“[Tjhis state has placed a high priority on the enforcement of child support obligations.” Id at 350. With regard to the seizure of income tax refunds, the 12legislature has provided that the intercept of refunds is in addition to, and not in substitution of, any other means of enforcement. La.R.S. 47:299.1. In prioritizing claims for seizure of income tax refunds, the legislature has provided that child support obligations must be fully satisfied before any other claim may be paid. La.R.S. 47:299.11. In this case, the majority finds that the state waived its to right to seize Thibodeaux’s refund by entering into a joint stipulation providing a repayment plan. I find no such waiver in the stipulation. To suggest that the state waives its right to a statutorily authorized additional means of enforcement by exercising another mode of enforcement defies logic. How can the remedy be both additional and precluded by other means of enforcement?
In view of the fact that the child support obligation is a matter of public policy and enforcement is a priority of the legislature, I would reverse the trial court’s judgment enjoining the State from seizing Thibo-deaux’s income tax refunds. Nothing in the majority opinion convinces me that Thibodeaux’s right to receive his income tax refund is a higher priority than his child’s entitlement to support. Accordingly, I respectfully dissent.